Eastern District of Kentucky
F I L E D
JUL 0 7 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at FRANKFORT

Civil Action No. 18-22-HRW

MICHELLE WARFIELD, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits in October 2014, alleging disability beginning in August 2011, due to neuropathy, degenerative disc disease, advanced degenerative arthritis spine, depression, anxiety, acid reflux, obesity, insomnia, spinal fusion and decompression L2-L3, falls, and off balance with gait ambulates with quad cane.

This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Laura Lykins, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 47 years old at the time of the hearing decision. She has a high school education. Her past relevant work experience consists of work as a factory assembly worker.

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date. T 15. At Step 2, the ALJ found Plaintiff suffered from the following severe impairments: chronic low back and left leg pain status/post spinal fusion and decompression at the L2 to L3 level; degenerative disc disease of the lumbar spine, status/ post excision of neural cyst; Hashimoto's thyroiditis; status/post left knee surgery; osteoarthritis in multiple joints; anxiety disorder; depression disorder; obesity; and fibromyalgia. T 15. At Step 3, the ALJ found that Plaintiff does not have an impairment or combination or impairments that

meets or equals one listed at 20 C.F.R. Part 404, Subpart P, App'x 1. T 16-17.

The ALJ further found that Plaintiff could not return to her past relevant work but determined that she has the residual functional capacity ("RFC") to perform sedentary work with the following restrictions:

> she may need a cane for prolonged ambulation; no climbing of ropes, ladders or scaffolds; occasional climbing of stairs or ramps, occasional balancing, stooping, kneeling, crouching or crawling; no aerobic activities such as running or jumping; no operation of foot pedal controls ; no work with hands over the head ; no exposure to concentrated vibration or industrial hazards; requires entry level work with simple repetitive procedures, can tolerate only occasional changes in work routines, and should work in an object oriented environment with only occasional changes in work routines, and should work in an object oriented environment with only occasional and casual contact with coworkers, supervisors or the general public.

(Tr. 19)

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by

substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiffs argues that the RFC is flawed. Specifically, she argues that the ALJ did not properly evaluate her mental impairments and did not properly consider her need for a cane in formulating the RFC.

The RFC finding is an administrative assessment of "what an individual can still do despite his or her limitations." *See 20 C.F.R. § 404.1545(a)(1); SSR 96–8p, 61 Fed.Reg. 34474, 34475 (1996)*. The ALJ's determination of a claimant's RFC is a legal decision rather than a medical one. *See 20 C.F.R. § 404.1527(e); SSR 96–5p, 61 Fed.Reg. 34471, 34474 (1996)*. As such, the final responsibility for deciding issues such as RFC is reserved to the Commissioner. *20 C.F.R. § 404.1546.*

When determining a claimant's RFC, an ALJ must consider all relevant evidence in the

case record, *20 C.F.R. 404.1545(a)(1),* including both a claimant's severe and non- severe impairments. *20 C.F.R. 404.1545(a)(2).* Particularly, when assessing a claimant's mental capacity, an ALJ must evaluate the severity of a claimant's mental limitations and will decide how those limitations affect the claimant's capacity to work. *20 C.F.R. 404.1545(c)* ( "When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis.").

The RFC assessment is the sole purview of the ALJ; medical opinion is not necessarily required to reach a conclusion about a claimant's disabilities. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. Appx. 719, 728 (6th Cir. 2013); *Cox v. Comm'r of Soc. Sec.*, 615 F. Appx. 254, 263 (6th Cir. 2015).

Nevertheless, the ALJ remains obligated to make a logical bridge between the evidence relied on and the conclusion reached. *Pollaccia v. Comm'r of Soc. Sec.*, 2011 WL 281044, at *6 (E.D. Mich. Jan. 6, 2011)); *see also Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

With regard to mental impairment, the record contains opinions from two state agency psychologists, Michelle Bornstein, Psy.D. and George Grubbs, Psy.D., as well as consultative psychologist Michael Witten, M.D.

Ms. Bornstein and Mr. Grubbs both concluded that Plaintiff had no severe mental impairment. The ALJ rejected these opinions in **favor** of finding that Plaintiff.

Dr. Whitten opined that Plaintiff had slight impairment in performing simple, repetitive tasks; moderate impairment in performing complex tasks; and marked impairment in tolerating

5

stress and pressure of day-to-day employment and responding appropriately to supervisors and coworkers (Tr. 353. He further opined that Plaintiff "would likely be able to function in a variety of occupations with . . . low stress levels" (Tr. 354). The ALJ gave limited weight to Dr. Whitten's opinion to the extent that it suggested marked impairment in tolerating stress and pressure and responding appropriately to supervisors and coworkers.

Plaintiff contends that the ALJ improperly discounted these opinions. She asserts that the ALJ "played doctor" by substituting his opinion for that of the physicians of record. Yet the record reveals otherwise.

"The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

The ALJ discounted Dr. Witten's opinion, finding it to be inconsistent with his objective findings. As Defendant points out, Dr. Whitten's examination findings were quite benign. Although Plaintiff appeared to have an anxious mood and affect, she was oriented, her speech was normal, her thought content was normal, her thought processes were grossly intact, and she had good immediate, recent, and remote memory (Tr. 351-52). She displayed an average fund of information, average simple attention (focus), and only mildly impaired complex attention (the ability to perform mental calculations) (Tr. 352). Her ability for abstraction was good, and she had adequate insight and judgment (Tr. 353). Despite these quite normal findings, Dr. Whitten opined that Plaintiff had a severely limited (marked) ability to function in two areas: the ability

6

to tolerate stress and pressure of day-to-day employment and the capacity to respond appropriately to supervisors and coworkers in a work setting (Tr. 353). This is substantial evidence that Dr. Witten's opinion was not entitled to deference.

Further, the ALJ noted that Dr. Witten's opinion was inconsistent with other medical evidence in the record, such as the notes from Plaintiff's treating [psychiatrist, Ramesh Ghanta, M.D., which included findings of normal appearance, normal speech, normal thought processes, normal thought content, fair judgment and insight, fair recent and remote memory, and fair attention and concentration (Tr. 446) and that Plaintiff's "anxiety is well under control" in May 2015 (Tr. 26; *see* Tr. 436).

The ALJ also considered the effectiveness of treatment and medication in formulating the mental RFC.

Given the often normal findings, the generally effective results of psychotropic medications, and the State agency psychologists' opinions that Plaintiff's mental impairments did not meet even the *de minimis* burden to qualify as severe under the agency's regulations, the ALJ gave Plaintiff the benefit of the doubt when he limited her to entry-level work with simple, repetitive procedures, occasional changes in work routines, an object-oriented environment, and only occasional and casual contact with others (Tr. 19). Yet even with these significant mental limitations, the vocational expert identified several occupations existing in significant numbers in the national economy that Plaintiff could nevertheless perform.

The Court finds no error in this regard.

As for Plaintiff's required use of a cane, the ALJ did incorrectly state that Plaintiff did **not** have a prescription for the same. Although this is an error, a review of the record and hearing

7

decision establish that it is a harmless one.

Where the ALJ's ultimate determination is supported by substantial evidence, remand based upon harmless error is not warranted. Indeed, such an exercise would constitute a waste of scarce administration resources. *See Griffeth v. Commissioner of Social Security*, 217 Fed.Appx. 425, 428 (6th Cir., Feb. 9, 2007) ("[w]e are not required to remand where to do so would be an idle and useless formality"); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir.1989) ("no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"); *Berryhill v. Shalala*, 1993 WL 361792 at *7 (6th Cir., Sep. 16, 1993) ("the court will remand the case to the agency for further consideration only if 'the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture ...' ").

Here, even if the ALJ had accepted Plaintiff's testimony and included the need for a cane at all times for balancing and walking, there would still be some 325,490 jobs in the national economy that she could perform. *Clore v. Astrue*, No. 1:08CV77-J, 2009 WL 1010875, at *4 (W.D. Ky. Apr. 14, 2009) (unpublished) ("[A]ny error was harmless because, in response to a hypothetical question at the administrative hearing that explicitly incorporated the [omitted] treating source opinions, the vocational expert (VE) identified a significant number of compatible jobs in the national economy.").

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary

Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 8 day of July, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

9